## KELLY *v.* TILTON.

### December, 1866.

One who will keep a mischievous animal, with knowledge of its propensities, is liable, without proof of negligence, to a person not a trespasser, who is injured by it.

A stranger who, without authority from the owner of premises, enters thereon for a lawful purpose, by invitation of one who is lawfully there by license of the owner, is not a trespasser.

Thomas Kelly sued David Tilton, in the Brooklyn city court, to recover for injury sustained by being bitten by a dog kept by the defendant. The facts were these, in substance: The defendant was in the poultry business, in Brooklyn, in March, 1859, and had been, for several years previously. He had a yard which used for killing poultry and preparing it for shipping. He owned a dog, which he kept upon his premises. The dog's kennel was some one hundred feet from the entrance gate of the yard, and he was usually fastened thereto by a chain and leather collar, except at nights and upon Sundays. The ferocity of this animal, his habit of attacking and biting people, and the defendant's knowledge of his mischievous propensities, fully appeared from the evidence. On two occasions, in 1858, he had bitten persons visiting the defendant's premises on business; and, at another time, a person in the employ of the defendant; of all of which occurrences the defendant had notice. As late as March, 1859, he cautioned one of his men that he had just taken into his employ to keep out of his way

until he got acquainted with him. In short, the vicious character of the animal, and that the defendant had knowledge of it, were scarcely disputed questions on the trial.

In March, 1859, there was a quantity of old iron, scattered about and in a pile, in the rear part of the defendant's yard. Just prior to March 21, with the view, probably, of getting it out of the way, he told one of his employees, by the name of Barnes, and a lad named Pearsall, his step-son and a member of his family, to sell, or find a customer for, the iron. On March 21 the defendant was absent, and the yard was in the charge of Barnes and the defendant's step-son. About ten o'clock in the morning, the plaintiff, who was a junk dealer, was passing along the street with his wagon, and the boy, seeing him, came out, and took him in upon the premises to the iron. The plaintiff bought the iron, and turned to go to the street to bring in his horse and wagon to take a part of it away. As he was going out, the defendant's dog sprang out of his house or kennel, broke his leather collar, which there was evidence tending to show was old and worn, and bit the plaintiff's hand. At this moment the plaintiff was some twenty feet from the dog-house, and going in a straight direction from where the iron lay to the gate. It was the left hand that was bitten, and the bite was of a severe character. Two of the fingers were bitten, apparently, clear through, and for some three weeks the hand was exceedingly painful and sore, the plaintiff being unable to use it at all in his business. He was obliged to employ help in carrying on his business, spent some thirty dollars in attempting to cure it, and there was evidence that its strength was permanently impaired. After the bite, and the hand had been dressed by a druggist near by, the plaintiff returned and took part of the iron away. The next day he came again and took the rest of it away. Afterward, Barnes informed the defendant of the sale of the iron to the plaintiff, and he made no objection.

The complaint, besides alleging the personal suffering of plaintiff, alleged that he was thereby and still is prevented from pursuing his lawful business, and also was put to expenses amounting to thirty-five dollars, and laid the damages at one thousand dollars.

Kelly v. Tilton.

Upon the trial, the man Barnes was called as a witness, and, against the objection and exception of defendant, was allowed to state that the boy Silas Pearsall, called the plaintiff in from the street. Subsequently plaintiff was sworn as a witness on his own behalf, and was allowed, against the like exception, to testify that the boy called him in, and took him into the back of the yard.

The plaintiff was also allowed to testify, against the objection and exception of the defendant, that he had been obliged to employ more help than before, in consequence of his injury, according as he had heavy lifts.

These were the exceptions to evidence, insisted on in this court.

At the close of the plaintiff's evidence, defendant asked for a nonsuit on the grounds, 1st. That Barnes exceeded his authority in bringing plaintiff on defendant's premises; and he having no authority to do so, plaintiff was there as if upon his own motion, and without defendant's knowledge, and therefore was a trespasser, and took the risk upon himself of any injury; and, 2d. That plaintiff was negligent in going so near the dog; the dog being chained, was notice to the defendant to keep out of his way. The motion was denied, and plaintiff had a verdict.

*The city court* of Brooklyn, at general term, affirmed the judgment entered on a verdict in favor of the plaintiff, for four hundred and eighty-six dollars and seventy-five cents, with costs, and defendant appealed to this court.

*R. M. Harrington*, for defendant, appellant;—Cited *Story on Agency*, §§ 87, 88, 89, 90, 136, and cases cited; *Dunlap's Paley's Agency*, 270, and subsequent pages; 2 *Nol. Cow. & H. on Ev.*, note 182, p. 185, and cases there cited; Schumacker v. Locke, 10 *Moore*, 39; Ransom v. N. Y. & E. R. R. Co., 15 *N. Y.* 415; Terwilliger v. Wands, 17 *Id.* 54; Medbury v. N. Y. & E. R. R. Co., 26 *Barb.* 564; Dain v. Wyckoff, 7 *N. Y.* (3 *Seld.*) 191; Vanderslice v. Newton, 4 *N. Y.* (4 *Comst.*) 130; Wilds v. Hudson R. R. Co., 24 *N. Y.* 430.

*John H. Reynolds*, for plaintiff, respondent; Cited *Exodus* xxi. 28, 29, 30; May v. Burdett, 9 *Ad. & E. N. S.* 101; 58 *Eng. Com Law*, 99, affirmed in Card v. Case, 5 *Com. Bch.* 57 *Eng. C. L.* 622; Smith v. Pelah, 2 *Strange*, 1264; Boulton v. Banks, *Croke Charles*, 254; Jenkins v. Turner, *Lord Ray-*

32

*mond,* 110; Jones *v.* Perry, *Peak on Ev.* 292 (mar.); Putnam *v.* Payne, 13 *Johns.* 312; Barnes *v.* Fitzrandolph, *Addison* (*Penn.*) 215; Wheeler *v.* Brant, 23 *Barb.* 324; Loomis *v.* Terry, 17 *Wend.* 496, Jackson *v.* Smithson, 15 *Mees. & W.* 563; Sawyer *v.* Jackson, 5 *N. Y. Legal Obs.* 380; Rex *v.* Scully, 1 *C. & P.* 319; *Eng. Com. L.* vol. 11; *Broom on Common Law,* 932, 933; Hudson *v.* Roberts, 6 *Exch.* 697; Fairchild *v.* Bentley, 30 *Barb.* 147; Bennet *v.* Alcott, 2 *Term R.* 166; Althorf *v.* Wolfe, 22 *N. Y.* 355; Lincoln *v.* Saratoga & S. R. R. Co. 23 *Wend.* 425; Caldwell *v.* Murphy, 1 *Duer,* 233; affirmed in 11 *N. Y.* (1 *Kern.*) 416; Ransom *v.* N. Y. & E. R. R. Co., 15 *N. Y.* 415; Morse *v.* Auburn & S. R. R. Co., 10 *Barb.* 621; Curtiss *v.* R. & S. R. Co., 20 *Id.* 282.

WRIGHT J., [after stating above facts.]—Upon this state of facts, substantially, and under a charge of the court to which no exception was taken, save in a single particular, in respect to the rule of damages (which exception seems to be abandoned in this court as untenable), the plaintiff had a verdict. There was, however, a motion for a nonsuit, which (though made on specific grounds) may raise the general question whether the defendant, under the circumstances, was liable to answer in damages to the plaintiff.

I am of the opinion that, on this point, there is no error in the judgment. The vicious character of the dog, and the defendants' knowledge of his dangerous habits, were matters admitting of no dispute. A person keeping a dog, knowing him to be accustomed to bite mankind, keeps him at his peril. Whoever, say the court, in May *v.* Burdett, 9 *Q. B.* (*Ad. & E. N. S.*) 101, keeps an animal accustomed to attack and bite mankind, with knowledge that it is so accustomed, is, *prima facie,* liable in an action on the case, at the suit of any person attacked and injured by the animal, without any averment of negligence or default in the securing or taking care of it. The gist of the action is the keeping of the animal, with knowledge of its mischievous propensities. Smith *v.* Pelah, 2 *Strange,* 1264; Card *v.* Case, 5 *Co.* 622; 57 *Eng. C. L.* 622. It is no defense, in such a case, that the animal is safely kept; nor do I think it a defense that the party injured is a trespasser. In

the case of a dog of that character, it is the duty of the owner, having notice of his dangerous habits, to kill him. Smith *v.* Pelah, *supra ;* Bolton *v.* Banks, *Cro. Ch.* 254; Jenkins *v.* Turner, *Ld. Raym.* 110. In Smith *v.* Pelah, the chief justice ruled, " That if a dog has once bit a man, and the owner having notice thereof, keeps the dog and lets him go about or lie at his door, an action will lie against him at the suit of a person treading on the dog's toes; for it was owing to his not hanging the dog at the first notice; and the safety of the king's subjects ought not afterward to be endangered. The *scienter* is the gist of the action." It is held, in the case of Loomis *v.* Terry, 17 *Wend.* 496, that a man may keep such a dog for the protection of his property in the night against felons; but this seems opposed to all the other cases, which hold that such an animal is a nuisance. But, be this as it may, if a person will keep a mischievous animal, with knowledge of its propensities, he is bound to keep it secure at his peril. May *v.* Burdett, 9 *Q. B.* 101 ; 58 *Eng. C. L.* 99 : Jackson *v.* Smithson, 15 *Mees. & W.* 563 ; Card *v.* Case, *supra.*

It is not necessary, however, to deny, in this case, that it would be a good defense if the dog were safely and securely fastened. The judge charged the jury that, if the dog were securely fastened, that was a good defense. There was evidence that the dog was not securely fastened ; and the jury, by finding for the plaintiff, say that he was not.

It may be admitted, also, that trespass is a good defense ; and still, I think, there was no error. The plaintiff was not a trespasser. Conceding that Barnes and the boy Silas Pearsall had no authority to invite the plaintiff in, with the view of finding a purchaser for the iron that the defendant had directed them to sell, it is undisputed that they were lawfully on defendant's premises, by license from the defendant. When a person is lawfully on land, by license from the owner, and he invites a stranger in for a lawful purpose, such stranger is not a trespasser.

The two exceptions taken on the trial, I deem to be untenable. The judgment should be affirmed.

All the judges present concurred.

Judgment affirmed, with costs.